# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alexander Bell a/k/a Sulyaman Al Islan Wa Salaam a/k/a Sulyaman Alislam Wa Salaam, | ) ) )   Civil Action No. 9:08-1746-GRA-BM ) ) |
| Plaintiff, | )   **REPORT AND RECOMMENDATION** ) |
| v. | ) ) |
| Holly Scaturo, Columbia Care Center and Department of Mental Health, | ) ) ) |
| Defendants. | ) ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who has been involuntarily committed with the South Carolina Department of Mental Health, alleges violations of his constitutional rights by the named Defendants.

The Defendant Columbia Care Center filed a motion for summary judgement pursuant to Rule 56, Fed.R.Civ.P. on October 28, 2008. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on October 30, 2008, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to adequately respond, the Defendant's motion may be granted. Plaintiff thereafter filed a memorandum in opposition to the Defendant's motion on November 7, 2008. The Defendants Scaturo and Department of Mental Health then filed their own motion for summary judgement on November 13, 2008, following which a second Roseboro order was entered by the Court on November 14, 2008. Plaintiff filed a memorandum in opposition to this motion on November 21, 2008.

1



These motions are now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff, a frequent filer of litigation in this Court, alleges in his Verified Complaint[2] that he is being subjected to harassment and scrutiny through conspiratorial actions (presumably of the Defendants). Plaintiff alleges that he was placed on a six month phone restriction due to a betrayal of "confidentiality as to where he was at", and that he has also been placed on "restriction" because someone told his "enemies" when he comes out of a gate to go to building sixteen. Plaintiff alleges that employees at the Columbia Care Center (presumably Scaturo) are conspiring with employees at the Alvin S. Glenn Detention Center (the Richland County Detention Center), which results in Plaintiff having "occasional mishaps". Plaintiff alleges that this is all due to nepotism and the existence of a secret society. Plaintiff alleges that he is entitled to monetary compensation for lost wages, as well as other monetary damages, including punitive damages. Plaintiff also seeks injunctive relief to stop the Defendants' harassing conduct. See generally, Verified Complaint.

Plaintiff also complains in a separate document filed June 4, 2008 (Court Docket No. 19) that he has been assaulted, that he was placed in a poorly ventilated isolation cell for no reason, that he continues to be harassed, and that his confidential medical files were improperly made

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motions to dismiss or for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



available to counsel for the Defendants.

In support of summary judgment in the case, the Defendant Holly Scaturo has submitted an Affidavit wherein she attests that she is the Director of the Forensic Evaluation and Treatment Service of the South Carolina Department of Mental Health. Scaturo attests that "Just Care" is a privately held corporation with which the Department of Mental Health has two contractual arrangements; one of which requires Just Care to provide housing, nursing staff, security, chaplain services and non-psychiatric care to Department of Mental forensic patients (with psychiatric and other professional service providers being Department of Mental Health staff under her supervision), and the second of which requires Just Care to provide medical and surgical services, not including the provision of psychiatric or sexual disorder treatment. The primary function of the second contract is to allow for management of patients who engage in extraordinary dangerous behavior.

Scaturo attests that the Department of Mental Health provides residence and mental heath services for individuals determined not competent to stand trial and unlikely to become competent who have been committed to the Department of Mental Health by court order. Scaturo attests that Plaintiff is housed at the Carolina Care Center pursuant to finding of incompetence and order to transport to the William S. Hall Psychiatric Institution entered by the Richland County Court of General Sessions on March 22, 2007, as well as an order committing Plaintiff to the Just Care facility entered by the Richland County Probate Court on May 3, 2007. Scaturo attests that the Department of Mental Health employs a treatment team consisting of counselors and medical doctors to administer mental health services to its residents, including the Plaintiff, and that any contacts or communications she has had with the Plaintiff is through her official duties as Director of the Forensic Evaluation and Treatment Service for the Department of Mental Health. Finally, Scaturo

3



attests that Plaintiff was employed through the Department of Mental Health and received his last paycheck on May 16, 2008 in the amount of $43.95. Scaturo attests that Plaintiff has received payment for all work he has performed with the Department of Mental Health. See generally, Scaturo Affidavit.

The Defendants have also submitted an Affidavit from Eldon Wyatt, who attests that he is the General Manager of the Columbia Care Center. Wyatt attests that Just Care and the Department of Mental Health entered into a contract in which the Department of Mental Health agreed to lease the Columbia Care Center's premises to Just Care and for the Department of Mental Health to provide physicians to the Columbia Care Center in exchange for Just Care providing nursing and staff services at the facility. Wyatt attests that Just Care is not an agency of the State of South Carolina, that the State of South Carolina does not participate in the management of the Columbia Care Center or manage the actions of Just Care, and that the Columbia Care Center is privately managed by Just Care.

Wyatt attests that Plaintiff was admitted to the Columbia Care Center after he was involuntarily committed to the Department of Mental Health's custody after being found incompetent to stand trial on criminal charges. Wyatt attest the Plaintiff is currently being housed at the Columbia Care Center by the Department of Mental Health, that Plaintiff has received good care and attention at the Columbia Care Center, and that neither he nor any Just Care employee has taken any action at any time to cause any harm to the Plaintiff. Finally, Wyatt attests that there is nothing in the records he has reviewed to substantiate any of the claims Plaintiff makes in his complaint. See generally, Wyatt Affidavit.

In his responses to the Defendants' motions for summary judgment, Plaintiff argues that the Defendants' answers are "frivolous", that counsel for the Defendants are "inept" and are

4



attempting to circumvent the legal system, and even cites the investigation of former President Bill Clinton in the Monica Lewinsky matter as support for a finding that Just Care is not immune from suit (presumably under § 1983), although that is not clear.  However, no evidence has been submitted by the Plaintiff to support his allegations.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.  Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).  Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

First, the Defendant South Carolina Department of Mental Health is immune from suit under § 1983 because the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency.  See Alden v. Maine, 527 U.S. 706 (1999); Will v. Michigan Department of State



Police, 491 U.S. 58 (1989); LaSure v. Gore, No. 08-320, 2009 WL 89679 (D.S.C. Jan. 9, 2009). Therefore, the South Carolina Department of Mental Health is entitled to dismissal as a party defendant.

As for the Defendant Columbia Care Center, the Care Center itself is a building or a facility, and as such is also not subject to suit under § 1983. Cf. Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) [California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983]; Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D.Pa. 1976); see generally Tyler v. Sullivan, No. 95-1232, 1996 WL 195295 at **1 (10th Cir. Apr. 22, 1996) ["The [district] court dismissed the detention facility as a defendant, finding that the facility, a building owned and operated by the county, is not a person or legally created entity capable of being sued."]; Preval v. Reno, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ["[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."] aff'd in part, modified in part on other grounds, vacated in part on other grounds, 203 F.3d 821 (4th Cir. 2000); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ["Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."]. Therefore, to the extent Plaintiff has cited the Columbia Care Center as a named Defendant in this action, this Defendant is entitled to dismissal.

With regard to the remaining Defendant, Holly Scaturo, as this Defendant is an employee of the Department to Mental Health, she is subject to suit for damages under § 1983 in her individual capacity. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977). However, as Plaintiff has now apparently been transferred to the Alvin S. Glenn Detention Center; see Change of Address Notice (Court Docket No. 74); any request for injunctive relief, at least as it may relate to Plaintiff's conditions of confinement at the Just Care facility, would

6



now be moot. See Williams v. Griffin, 952 F.2d at 823 ["[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."]; Taylors v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) [holding that prisoner's transfer moots a request for declaratory or injunctive relief].

Plaintiff's claim for monetary damages survives his transfer; see Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976); however, after careful review of the filings in this case as well as the arguments of the parties, the undersigned finds and concludes that Plaintiff's claims are without merit and should be dismissed. Although Plaintiff makes numerous allegations, such as that he is being harassed and scrutinized, improperly placed on telephone restriction or other restrictions, and that he is in general receiving inadequate care and being subjected to unconstitutional conditions of confinement, the only filing by the Plaintiff which could be deemed to be "evidence" in this case is his verified complaint. However, although allegations in a verified complaint may in some circumstances be sufficient to defeat a motion for summary judgment where those allegations are based on personal knowledge; see Williams, 952 F.2d at 823; the Court is not required to simply accept as true general or conclusory claims and allegations absent any factual or evidentiary support. See Papasan v. Allain, 478 U.S. 265, 286 (1986)[Courts need not assume the truth of legal conclusions couched as factual allegations.]; Bender v. Suburban Hospital, Inc., 159 F.3d 186 (4th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"].

Plaintiff has failed utterly to support any of the claims in his Complaint with any supporting affidavits, documentary exhibits, or any other evidence, and Plaintiff's claims that he is generally mistreated by the staff at the Columbia Care Center, standing alone with no factual evidentiary support, are not sufficient to establish a constitutional violation or to survive summary

7


judgment.  See House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993)[Plaintiff's conclusory allegations insufficient to maintain claim. Farmer v. Brennen, 511 U.S. 825, 837 (1994) [defendants must have engaged in conduct "for the very purpose of causing harm or with the knowledge that harm [would] result".].  Indeed, this Court is at a loss to understand how many of the matters cited by the Plaintiff, even if supported by evidence, rise to the level of a constitutional violation.  Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997) ["only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"].  Therefore, this case should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motions for summary judgment be **granted**, and this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 27, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

